Defendant-appellant, Shamori A. Drake, appeals from a judgment of the Franklin County Court of Common Pleas sentencing defendant to maximum and consecutive sentences on his multiple convictions.
In 1998, a jury found defendant guilty of one count of aggravated robbery in violation of R.C. 2911.01, one count of kidnapping in violation of R.C. 2905.01, and one count of felonious assault in violation of R.C. 2903.11. At that time, he was sentenced to nine years each for the aggravated robbery and kidnapping counts, and three years for the felonious assault count. The trial court ordered that the three sentences be served consecutively. R.C. 2929.14(E)(3). On appeal, this court affirmed defendant's convictions, but remanded the matter for re-sentencing because the trial court did not make the requisite findings under R.C. 2929.14. State v. Drake (Dec. 17, 1998), Franklin App. No. 98AP-448, unreported (1998 Opinions 5698).
On remand, the trial court held a sentencing hearing, modified its original sentence, and sentenced defendant to a prison term of eight years each for the aggravated robbery and kidnapping counts and three years for the felonious assault count. The court again ordered the three sentences to be served consecutively. Defendant appeals, assigning the following errors:
I. THE COURT OF COMMON PLEAS ERRED AND DENIED DEFENDANT-APPELLANT HIS STATUTORY RIGHTS UNDER R.C. CHAP. 2929 AND HIS RIGHT TO DUE PROCESS UNDER U.S CONST. AMEND. V AND XIV AND OHIO CONST. ART. I, § 10, WHEN IT IMPOSED MULTIPLE SENTENCES OF IMPRISONMENT THAT WERE CONTRARY TO LAW IN THAT (A) THE COURT'S ROTE RECITATION OF STATUTORY LANGUAGE FOUND IN R.C. 2929.14(B) AND (E) DOES NOT SATISFY THE REQUIREMENTS OF THE STATUTES AND THE MANDATE IN STATE V. DRAKE (DEC. 17, 1998), FRANKLIN APP. NO. 98AP-448, UNREPORTED, THAT THE SENTENCING COURT MUST MAKE ADEQUATE FINDINGS GIVING ITS REASONS FOR IMPOSING CONSECUTIVE SENTENCES AND SENTENCE GREATER THAN THE STATUTORY MINIMUM SENTENCES AND, (sic) AND (B) THE RECORD DOES NOT SUPPORT THE SENTENCES.
II. THE COURT OF COMMON PLEAS ERRED AND DENIED DEFENDANT-APPELLANT HIS STATUTORY RIGHTS UNDER R.C. CHAP. 2929 AND HIS RIGHT TO DUE PROCESS UNDER U.S CONST. AMEND. V AND XIV AND OHIO CONST. ART. I, § 10, WHEN IT IMPOSED MULTIPLE CONSECUTIVE SENTENCES OF IMPRISONMENT THAT (A) WERE CONTRARY TO LAW IN THAT THE COURT'S PRIOR FINDING OF THE LACK OF EVIDENTIARY SUPPORT IN THE RECORD UNDER R.C. 2929.14(C) FOR IMPOSITION OF A MAXIMUM SENTENCE AS TO ANY ONE OF DEFENDANT-APPELLANT'S THREE FELONY CONVICTIONS PRECLUDED THE IMPOSITION OF CONSECUTIVE TERMS UNDER R.C. 2929.14(E)(3)(b) IN THIS CASE, AND (B) EXCEEDED THE MAXIMUM PRISON TERM ALLOWED BY R.C. 2929.14(A) FOR THE MOST SERIOUS OFFENSES OF CONVICTION AS TO WHICH DEFENDANT-APPELLANT SEEKS LEAVE TO APPEAL UNDER R.C. 2953.08(C).
Defendant's first assignment of error contends both that (1) the trial court erred in not giving its reasons for the sentences imposed, and (2) the findings the trial court made were not supported by the record.
Under R.C. 2929.14(B), if a defendant has not previously served a prison term, a trial court shall impose the shortest prison term available unless the trial court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence."State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. The trial court must only find that either or both of the above statutory reasons for imposing sentences exceeding the statutory minimum have been met. Id. at 326.
At defendant's sentencing hearing, the trial court found that both reasons set forth in R.C. 2929.14(B) required a longer sentence than the minimum for defendant's conduct. The trial court thus met the requirements of R.C. 2929.14(B) in imposing a sentence greater than the minimum sentence available.
To impose consecutive prison terms, the trial court must find that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(E)(3). The trial court must also find one of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
At the sentencing hearing, the trial court made the required findings as set forth in R.C. 2929.14(E)(3) and (E)(3)(b). R.C. 2929.19(B)(2)(c), however, requires that the trial court give its reasons for imposing consecutive sentences under R.C. 2929.14(C). At defendant's sentencing, the trial court concluded that because of the seriousness of defendant's criminal conduct, the court could impose consecutive sentences. The court specifically noted that "[i]f one person when they came through that door had not been able to keep their judgment in perspective and had overreacted, I don't know how many dead people would have come out of that room. And I can never forget that." (Sentencing Tr. 12.) The trial court thus relied on R.C. 2929.14(E)(3)(b) and, pursuant to R.C. 2929.19(B)(2)(c), specified why a consecutive sentence was imposed in this case.
Moreover, the record contains evidence supporting the trial court's rationale. Defendant's convictions centered on a controlled drug trade that ended with defendant and three other accomplices attempting to rob at gunpoint the police officers who were trading marijuana for cocaine with defendant. After initially entering the room with one other person, defendant left the room to ostensibly get the cocaine he was going to trade. When he came back, however, defendant pushed on the door and came in with two other people, all with guns pointed at the officers. Two of the officers involved testified that defendant seemed to be the leader of the group. Defendant pointed a gun at the head of one of the police officers and knocked the officer down to the floor with the gun. As a result of the fall, the police officer sustained a back injury that kept her out of work for four and one-half months. After a minute or two when calmer heads prevailed, police officers broke into the room and took control of the environment.
The foregoing supports the trial court's conclusion that no single prison term would adequately reflect the seriousness of defendant's criminal conduct, especially considering the trial court's concern for the potential for serious injury or death that the conduct created. As the court noted, the situation "was just a few trigger pound pressure points away from being a fiasco." (Sentencing Tr. 12.) For all the above reasons, defendant's first assignment of error is overruled.
In his second assignment of error, defendant contends that the trial court erred by imposing consecutive sentences where the court decided that maximum sentences were inappropriate. R.C. 2929.14(C) permits the trial court to impose maximum sentences when the trial court determines, as relevant here, that the defendant committed the worst forms of the offense or poses the greatest likelihood of committing future crimes.State v. Fitzmorris (Dec. 1, 1998), Franklin App. No. 98AP-340, unreported (1998 Opinions 5316).
Defendant argues that if R.C. 2929.14(E)(3)(b) is read in conjunction with R.C. 2929.14(C), consecutive sentences may not be imposed if the trial court finds that maximum sentences are inappropriate. See Griffin and Katz, Ohio Felony Sentencing Law (1998), 463-466, Sec. T 7.9 (arguing that in deciding whether to impose concurrent maximum sentences or consecutive sentences, the trial court should determine whether the maximum sentence for the most serious offense adequately protects the public and punishes the offender, and if maximum sentences are not needed to accomplish that purpose, consecutive sentences should not be imposed either). In State v. Haines (Oct. 29, 1998), Franklin App. No. 98AP-195, unreported (1998 Opinions 4899), this court upheld the imposition of consecutive sentences where the trial court imposed greater than the minimum but less than the maximum sentence available. Haines, however, did not analyze the interplay under the analysis defendant posits.
Pursuant to R.C. 2929.12(A), "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code." That discretion includes finding that maximum sentences are not necessary, while also finding that consecutive sentences are appropriate.
Specifically, to find maximum sentences are not warranted, a trial court at least implicitly finds the crime was not the worst form of the offense and the defendant does not pose the greatest likelihood to reoffend. R.C. 2929.14(C). Because the affirmative of those findings are not requirements to imposing consecutive sentences, the failure to impose maximum sentences does not preclude the trial court's imposing consecutive sentences under the statutory language involved. Moreover, the essence of the two provisions is sufficiently different to undermine defendant's contentions. Specifically, the trial court's implicit finding here that defendant's actions were not the worst form of the offenses does not mean that a single term is adequate. Similarly, simply because the trial court implicitly found that defendant does not pose the greatest likelihood to reoffend does not mandate that a single term of prison will adequately protect the public from defendant. The risk to re-offend, while possibly not the greatest likelihood, may still be sufficient to warrant the trial court's determination that consecutive sentences are appropriate to protect the public.
In the final analysis, the events surrounding defendant's convictions involved a highly charged situation that easily could have ended in death. The trial court, within its discretion, could have found that the offenses were not the worst form of the offense or that defendant did not pose the greatest likelihood to re-offend, and therefore not impose maximum sentences. Nonetheless, the trial court could also find that the single term of eight years did not adequately reflect the seriousness of the offender's conduct or adequately protect the public, and therefore impose consecutive sentences. The trial court did not abuse its discretion in imposing consecutive sentences without imposing maximum sentences. Defendant's second assignment of error is overruled.
In his appellate brief, defendant also seeks leave to appeal the imposition of consecutive sentences that exceed the maximum sentence allowed for the most serious offense of which defendant was convicted. R.C. 2953.08(C). Defendant's consecutive sentences subject him to nineteen years of prison, while the maximum prison term defendant could have received for either aggravated robbery or kidnapping is ten years. R.C.2929.14(A)(1). Nothing in R.C. 2953.08(C), however, prevents the trial court from imposing consecutive sentences even if the consecutive sentences exceed the maximum prison term allowed by R.C. 2929.14(A) for the most serious offense for which the defendant was convicted. State v. Harris (Dec. 1, 1998), Franklin App. No. 98AP-197, unreported (1998 Opinions 5298). "The ground for appeal under R.C. 2953.08(C) is whether or not the sentencing court followed the statutory requirements for sentencing contained within R.C. 2929.01 et seq." Haines, supra. As noted earlier, the trial court made all the required findings and stated the necessary reasons for the sentence it imposed. Defendant's second assignment of error is overruled.
Having overruled defendant's two assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BROWN and DESHLER, JJ., concur.